102   439
142   ¹309

FRANK KRAFT v. JOHN KRAFT, JOSEPH KRAFT, AUGUSTA
KRAFT, AND ANTHONY KRAFT.

*Estates of deceased persons — Homestead — Exemption — Equity
practice—Lien—Contribution.*

1. Under section 3, art. 16, of the Constitution, the homestead of
a family, after the death of the owner thereof, is exempt from
the payment of his debts during the minority of his children,
and neither the probate nor chancery court has power to
decree its sale to pay debts allowed against the estate of said
owner.

2. Prior to the issuance of letters of administration, an heir at
law of the decedent, who was also a general creditor of the
estate, paid the balance due on a contract for the purchase of
the homestead occupied by the decedent at the time of his
death, and the same was conveyed to all of the heirs, some
of whom were minors. Said heir then filed a claim against
the estate, made up of the money so paid, and moneys claimed
to have been loaned to the decedent to pay upon the contract
and for other purposes. The claim was allowed, after which
the claimant filed a bill to declare the same a lien upon the
homestead, and for its sale to satisfy said lien. The bill failed
to show that there was no personal property belonging to the
estate, or that the rents were insufficient to take care of com-
plainant's claim. And it is held that the complainant, having
voluntarily submitted his claim to the jurisdiction of the pro-
bate court, and having rested content with such jurisdiction
until after the time for appeal had expired, has elected his
remedy, and will not be allowed to put either the estate or
the other heirs to an expensive suit in chancery to enforce
the claim for the moneys paid on the contract.

Appeal from Wayne. (Donovan, J.) Submitted on
briefs June 29, 1894. Decided November 20, 1894.

Bill to declare and enforce a lien on the homestead of a
deceased person. Defendants appeal. Decree reversed, and
bill dismissed. The facts are stated in the opinion.

*William B. Jackson,* for complainant.

*Bowen, Douglas & Whiting,* for defendants.

GRANT, J.   The bill of complaint contains the following allegations:

"1. That the complainant and defendants, together with one Anna Eland, are the sole heirs at law of one John Kraft, who died intestate in the city of Detroit, on March 5, 1890, in possession of a certain city lot described in the bill, and concerning which the litigation is taking place, which said lot the said John Kraft held under a purchase contract, and occupied with said heirs as his homestead, and on which contract there remained to be paid of the purchase money $144.32 at the time of the decease of said John Kraft; that 15 days after the death of the said John Kraft, and prior to the emanation of letters of administration, the complainant spontaneously paid said arrearage to the vendor, who immediately deeded the lot to all of said heirs, and of whom three were minors, the youngest being only 12 years of age.

"2. That on June 25, 1890, administration of the estate was committed to one Ralph Phelps, who took possession of the lot, the same being abandoned by the family.

"3. That on decedent's death he was indebted to complainant for money loaned to pay on said contract, 'and for other purposes,' in the sum of $560; that complainant filed his claim against said estate with the commissioners on claims, who duly allowed him, against said estate, $711.44.

"4. That complainant has acquired by purchase of one of the adult heirs, viz., Anna Eland, her share and interest, and now holds one-third as 'joint tenant' with the other heirs.

"5. That the premises are out of repair, and do not yield a sufficient rent to pay the taxes; that those for 1891 are due and unpaid, and that no money is in the hands of the administrator wherewith to pay the same; that a sewer tax of $24.63 rests upon the lot, and, unless paid, the lot will be sold for it, and the complainant's interest sacrificed."

The prayer of the bill is that—

"The money so advanced by your orator to pay said Freud upon said land contract may be decreed to be a lien thereon, and the money so due your orator from said John Kraft,

deceased, may also be decreed a lien upon said premises, and the same may be decreed to be sold to pay the same."

The answer of John and Joseph, who are of age, admits the heirship; that their father died possessed of the land, and that it was held by him under a contract from Freud; that the premises were occupied by their father as a homestead; that the premises are out of repair; that the taxes of 1891 are due and unpaid, and also a special tax for a sewer. They aver ignorance of the terms of the contract, and of any payments made by complainant, and of any allowance of complainant's claim against the estate, except as they are informed by the bill of complaint. They deny that the homestead has been abandoned. The infant defendants answered, submitting their rights and interests to the court. Replication was filed and proofs taken in open court, and decree entered for complainant giving him a lien upon the land for his entire claim allowed against the estate.

Complainant presented his claim against the estate in two items,—one for $711, and one for $35. The basis of each claim is the same, viz.: "For money paid to and for said deceased." An administrator was duly appointed, who is in possession of all the assets of the estate, including these premises, which he has rented, and complainant is collecting the rents for him. The bill is silent as to the amount of the assets in the hands of the administrator, and the proof upon this point is equally silent.

The bill alleges that the premises constituted the homestead of the deceased's family at the time of his death. Under the Constitution (article 16, § 3), the homestead is exempt from the payment of all his debts during the minority of his children. It follows that the premises cannot be sold by the decree of either the probate or chancery court to pay debts allowed against the estate.

When the minors become of age, the premises will be subject to sale to pay such debts.

The complainant's claim is the only one allowed against the estate. If there were no homestead, the probate court could, upon petition, order the property sold. After payment of the small amount due upon the contract, complainant included this amount in his claim against the estate. It was not put down as a separate item, nor was any claim of lien or preferment filed with it. He voluntarily included this item with others as money paid for the deceased without specification. Upon the hearing in the court below, complainant refused the offer of the defendants to allow the bill to be considered as a bill for contribution (which, in fact, it was not) as to the $144.32, provided that amount be remitted from the total amount allowed, and they be allowed to take an appeal from the allowance of the balance of the claim.

. The complainant is not, in our judgment, in position to invoke a court of equity to give him a lien upon the premises. He has voluntarily submitted his claim to the jurisdiction of the probate court. It is allowed and stands as a valid claim. He does not show that there is no personal property, nor that the rents are insufficient to take care of his claim. His claim was allowed in February, 1891, and he rested content with the jurisdiction of that court until March, 1893, after the time for appeal had expired, when he filed this bill. He has therefore elected his remedy, and will not be allowed to put either the estate or the defendants to an expensive suit in chancery to enforce a claim which amounts to a trifle over $100.

Decree reversed, and bill dismissed, with costs of both courts.

The other Justices concurred.