BRIGGS *v.* TOWNSHIP OF RONALD.

ELECTION OF REMEDIES—PAUPERS—CLAIM FOR CARE.

Although plaintiff was authorized by the supervisor of the township to care for an aged and infirm man, who was without relatives to care for him, until his death, where she presented her claim for same against the estate of deceased, and the commissioners on claims allowed it in part, presumably determining that the amount allowed was all she was entitled to, she elected her remedy, and could not thereafter maintain an action against the township for the balance of her claim.

Error to Ionia; Davis (Frank D. M.), J. Submitted October 21, 1919. (Docket No. 96.) Decided December 31, 1919.

Assumpsit by Minnie Briggs against the township of Ronald for the care of an alleged indigent person. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Hawley & Eldred,* for appellant.

*F. C. Miller,* for appellee.

KUHN, J. This litigation arises as a result of a claim for the cost of maintenance, care and nursing of an old gentleman named Robert Kettleton during his last illness. On the 8th of December, 1915, Mr. Kettleton was a resident of the defendant township and, so far as this record shows, was without relatives or friends who were in any way liable for his care or support. On that day he was taken to the hotel owned and operated by the plaintiff and her husband, and was accepted by them as a guest. He was suffering from a complication of diseases and was unable to take care of himself physically. On the morn-

ing following his reception by the plaintiff, the plaintiff's husband called the supervisor of the township by telephone and advised him as to the physical condition of Kettleton and told him to come and look after him—that they could not keep him at the hotel, and that he must be moved. On the following day, the supervisor investigated the physical condition of Kettleton, consulting with a doctor, and advised the plaintiff and her husband that Kettleton had but a few days to live, according to the doctor's statement, and that they had better keep him at the hotel for that short time. The supervisor promised to call again in a few days, which he failed to do. No objection was made to this arrangement by the plaintiff and no further claim for compensation and no insistence for any further claim as to compensation was made against the defendant township during the lifetime of Kettleton. Kettleton died on January 11, 1916.

At the time that Kettleton went to the hotel of the plaintiff he was the owner of a parcel of land in the defendant township, which later was sold for $700 and was incumbered to the amount of $127. He also had about $40 on his person and $20 in the bank. He had no one dependent upon him for support. After the death of Mr. Kettleton, the plaintiff and her husband made arrangements for the funeral, which was held at the hotel. The total claim of the plaintiff and her husband for taking care of Kettleton and for expenditures made by them in his behalf amounted to $424, of which $15 was paid by the deceased, leaving the claim balance due the amount of $409. The plaintiff's husband assigned his interest in the claim to the plaintiff and soon after making this assignment Mr. Briggs died. The plaintiff filed her claim before the commissioners on claims who were appointed by the probate court in the matter of the estate of Mr. Kettleton and after a full hearing before them, the claim

was allowed in the sum of $248. No appeal was taken from the allowance of this amount.

This suit is brought to recover the balance of the amount claimed to be due the plaintiff beyond the sum allowed to her by the commissioners. The case was tried before a jury and at the conclusion of the opening statement of the plaintiff's attorney, on a motion of the attorney for the defendant, the court directed a verdict for the reason that the deceased, Robert Kettleton, being possessed of the amount of property above indicated, was not a "poor person" within the meaning of the statutes. The court further stated that even if the case might proceed upon the theory of the plaintiff that the supervisor authorized the contract, or that the township should be held upon an implied contract, that, nevertheless, the plaintiff chose to bring this case before the commissioners appointed by the probate court, and thus elected her remedy.

While the first question involved is, indeed, a very interesting one, *i. e.*, whether or not, under the circumstances in this case, it was not a question of fact for the jury to determine whether Mr. Kettleton was, at the time of his death, a "poor person" within the meaning of the statutes, we are of the opinion that the circuit court was clearly right in saying that in this case the plaintiff has elected her remedy and has had her day in court and consequently had no standing in this proceeding. The claim was filed before the commissioners for $409. It was allowed in the sum of $248. As the learned trial judge said, it must be presumed that the commissioners allowed all that they thought ought to be allowed to the claimant in that case—the plaintiff in this case. Instead of making a claim against the township at that time, she elected to proceed against the estate of the deceased and she received all that she was allowed by the tribunal that heard her claim and had full authority to ad-

judicate her rights in the matter. Another situation would have been presented if she had not received all that she was allowed by the commissioners and had brought suit for a claimed balance which could not be collected out of the estate.

We see no escape from the conclusion that the plaintiff has elected her remedy. She took the amount allowed to her by the commissioners on claims and was apparently satisfied therewith, because no appeal was taken from that allowance. See *Kraft* v. *Kraft*, 102 Mich. 439.

The judgment must be affirmed.

BIRD, C. J., and SHARPE, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.