STEVENS *v.* MOST.

1. VENDOR AND PURCHASER—FORFEITURE—OBLIGATIONS OF PARTIES ENDED.
    After valid forfeiture, land contract is ended and vendor discharged from his duty to convey and vendee from his duty to pay, so that action at law will not lie for any part of purchase price, nor may suit in equity for foreclosure and deficiency decree be maintained.

2. SAME—SUMMARY PROCEEDINGS.
    Under 3 Comp. Laws 1915, § 13244, vendor may bring summary proceedings before circuit court commissioner to regain possession after forfeiture of contract.

3. SAME—DETERMINATION OF AMOUNT DUE IS DECLARATORY MERELY.
    In summary proceedings, determination of amount due must be stated in judgment, but it is merely declaratory, and execution will not issue therefor; purpose being to give vendee opportunity to pay amount due and reinstate contract.

4. SAME—DATE OF COMPUTATION.
    In summary proceeding by vendor to regain possession, amount due is to be determined up to date of trial, including payments coming due and taxes paid by vendor after notice of forfeiture of contract, although statute (3 Comp. Laws 1915, § 13244), is silent as to what date amount due shall be computed.

5. SAME.
    Where payment of amount due was waived, and contract reinstated, but later another default occurred and contract was forfeited, amount previously due, payment of which was waived, was properly included in amount found due and stated in judgment in summary proceedings by vendor to regain possession.

Error to Oakland; Gillespie (Glenn C.), J.   Submitted April 15, 1930.   (Docket No. 111, Calendar No. 34,711.)   Decided June 2, 1930.

Summary proceedings by John Stevens and another against Clark F. Most for the possession of land sold on a land contract. From a judgment of restitution, defendant appealed to circuit court. From affirmance of judgment, defendant brings error. Affirmed.

*A. Floyd Blakeslee,* for plaintiffs.

*J. Shurly Kennary,* for defendant.

BUTZEL, J. On September 12, 1925, Clark F. Most, defendant and appellant, entered into an executory contract to purchase property in Oakland county from John Stevens and wife, plaintiffs and appellees. Four thousand dollars was the down payment, and a balance of $8,000 was payable in annual installments of $500 or more until reduced to $6,000, whereupon vendors were to execute a deed upon receiving a purchase-money mortgage for $6,000, payable on or before 10 years from the date of the mortgage, with interest payable semi-annually. On September 28, 1926, defendant paid one principal installment of $500, together with interest, but defaulted in making any further annual payments on the principal. In the early part of 1928, the annual installment of principal together with interest being overdue, vendors served notice of forfeiture and began proceedings for repossession. The vendee thereupon paid interest amounting to $450 and attorney's fees of $35, and the contract was reinstated. Subsequently, on March 2, 1929, plaintiffs notified defendant that payments on the contract were past due, and eleven days later served him with a notice of forfeiture. Almost immediately thereafter plaintiffs began proceedings and recovered judgment before a circuit court commis-

sioner in an action for repossession of the premises. On appeal to the circuit court this judgment was affirmed, whereupon the case was appealed to this court.

It is claimed that the circuit court commissioner erred in the computation of the amount found due vendors from vendee. One of the questions raised is whether, in computing this amount, the commissioner should have included any sum that first became due plaintiffs at a time subsequent to the notice of forfeiture but prior to the taking of judgment before the circuit court commissioner. The notice of forfeiture claimed defaults in the payment of two installments of principal, aggregating $1,000 for the years of 1927 and 1928, and of $1,350 for interest. It also notified defendant that he had failed to pay taxes for the years 1925, 1926, and 1927, aggregating $784.51. After the service of this notice of forfeiture, but prior to the time judgment was rendered by the circuit court commissioner, plaintiffs paid $435.40 for taxes for the years 1925 and 1926, and this amount was included in the amount found due by the circuit court commissioner. Defendant correctly claims that, after a valid declaration of forfeiture, the contract is ended and vendor discharged from his duty to convey and the vendee of his duty to pay. An action at law will not lie for recovery of any part of the purchase price, nor can suit in equity for foreclosure and deficiency decree be maintained. *Chicago Boulevard Land Co.* v. *Apartment Garages,* 245 Mich. 448. However, this case also holds that "ejectment or summary proceedings to regain possession are no part of forfeiture." Summary proceedings before a circuit court commissioner provide a manner for the repossession of the premises

after such forfeiture. They are brought under section 13244, 3 Comp. Laws 1915, which states:

"Upon the return of such summons, if the same be returned duly served, and the defendant appears, such defendant may plead not guilty to the complaint, or if he neglect or refuse to plead thereto, such officer shall enter such plea for him, and such issue shall be tried and judgment shall be rendered, and the same proceedings shall be had thereon in all respects, and the costs shall be taxed and collected in the same manner as in cases of forcible entry or detainer, and with the like effect: *Provided*, That if it is claimed either upon the trial before such officer, or upon the trial of any appeal to the circuit court, that the plaintiff is entitled to the possession of said premises, in consequence of the nonpayment of any sum of money due, either as rent or as a part or portion of the purchase money of premises, under a contract in writing for the purchase thereof, such officer, or the court, or the jury, if the case is tried by a jury, shall, in addition, ascertain and determine the amount due the said plaintiff, and such amount shall be stated in said judgment."

It will be noted that the statute does not specify as to what date the amount due shall be computed. The determination of the amount due must be stated in the judgment, but it is not the vital part of it. It is merely declaratory. Execution can not be issued for this amount. *Lemm* v. *Spencer*, 242 Mich. 366. It seems obvious that the purpose of determining the amount due is to give the defendant an opportunity to pay up what is due and thus reinstate the contract. While the action is exclusively one at law, it provides a *quasi*-equitable method of being relieved of the judgment of restitution. Inasmuch as the time of computation is not stated in

the statute, it seems reasonable and logical that the legislature intended that the amount due be determined up to date of the trial, so that on payment the contract could be fully reinstated with all defaults cured. Frequently, owing to difficulties and delays in effecting service, considerable time may elapse after the giving of notice of forfeiture until the trial. Sometimes, after the giving of the notice of forfeiture, but without waiving it, or after court proceedings have been instituted, a vendor may consent to adjournments so as to give defendant a further opportunity of paying up. In such intervals further payments may become due, as happened in the case at issue. According to defendant's theory, he should be able to redeem by paying the amount due at time of forfeiture and still remain in default for subsequent past-due payments on the contract. This would necessitate an additional notice of forfeiture and suit in order to enable the plaintiffs to secure possession of the premises or the payment of the amount they are entitled to. This method would cause a multiplicity of suits and serve no useful end. We believe that the practice heretofore generally followed of including all amounts due up to the date of the judgment is correct, and carries out the intent and purpose of the present statute. The lower court did not err in including the amount paid for taxes.

The only other question raised by the defendant is his claim that, when the contract was reinstated in 1928, the payment of $500 of principal was "waived" by plaintiffs, and, therefore, should not have been included in the amount found due. The record is very meager in regard to what was done. Plaintiff John Stevens states that he does not recall having done this. The lower court decided

against defendant's contention, and we see no reason to disturb this finding. Just what defendant means by the "waiving" of the payment the record fails to disclose. He undoubtedly does not mean that this payment was canceled without any consideration. At most, it might be claimed that the payment of this amount was postponed, but without any proof whatsoever for what length of time, it could only be presumed that it was for a reasonable length of time. Plaintiffs waited more than a reasonable time. The contract was declared forfeited for the nonpayment of additional amounts almost four times in excess of the amount of the $500 payment due on principal in 1928. There were ample grounds for forfeiture.. Defendant concedes this. We believe the lower court was correct in including the $500 payment in the amount found to be due.

The judgment of the lower court is affirmed, with costs to plaintiffs.

WIEST, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.