PICARD *v.* SHAPERO.

1. CIRCUIT COURT COMMISSIONERS—APPEAL AND ERROR—JUSTICES OF PEACE.
   On appeal from judgment in summary proceedings before circuit court commissioner, practice is same as on appeal from justice's court, and entirely new and independent trial is had (3 Comp. Laws 1929, § 14987).

2. VENDOR AND PURCHASER—ON FORFEITURE VENDEE'S RIGHT TO ENFORCE CONTRACT TERMINATES.
   On service of notice of forfeiture of land contract, vendee's right to enforce it is terminated, or at least suspended until its terms are reinstated by payment of accrued installments.

3. SAME—SUMMARY PROCEEDINGS—FORFEITURE—DEFENSES.
   Vendee may not defend suit in summary proceedings on ground that vendor defaulted in paying mortgage interest which became due after notice of forfeiture.

4. SAME—VENDOR'S DEFAULT—ACCRUAL OF INTEREST CHARGEABLE TO VENDEE.
   Under land contract providing that, in case vendor is in default in payments due on mortgage, vendee's obligation to pay shall cease until said payments are made, accrual of interest chargeable to vendee is not suspended during said period.

5. SAME—JUDGMENT IN CIRCUIT COURT PROPERLY INCLUDED AMOUNT DUE AT THAT TIME.
   Although vendor was in default in payment of mortgage interest at time judgment was taken before circuit court commissioner, she was entitled, on appeal to circuit court, to have amount due from vendee at time of trial therein fixed by judgment of that court, where she was not in default in mortgage payments at time notice of forfeiture was given or at time judgment was taken in circuit court.

6. SAME—EVIDENCE—FORFEITURE—SUFFICIENCY OF PROOF.
   Introduction in evidence in circuit court of commissioner's return, including copy of notice of forfeiture with attached affidavit of service, did not constitute sufficient proof of service of forfeiture.

7. Same—Appeal and Error—Supplying Proof.

Objection to insufficiency of proof of service of notice of for-
feiture, which is wholly technical and without merit, is passed
by Supreme Court, with permission, if urged in subsequent
proceeding, to make necessary proof and file as part of record
(Michigan Court Rule No. 79, § 1[e]).

8. Same—Vendor Not Required to Refinance Where Assumed
Mortgage Past Due.

Claim of vendee that he should not be required to make further
payments on land contract until vendor pays or refinances
mortgage indebtedness now past due because otherwise he
would be required to at once pay balance of contract price
instead of in installments, is without merit, where vendee
agreed to join with vendor in mortgage and that it should
be lien superior to contract, and first lien on property.

9. Same—Appeal and Error—When Payment of Accrued In-
stallments Not Required.

On affirmance of circuit court judgment in forfeiture proceed-
ings, vendee is not required, as condition of reinstatement,
to pay installments accruing pending appeal, where such
payment would reduce unpaid portion of contract price be-
low mortgage indebtedness.

Appeal from Wayne; Lamb (Fred S.), J., presid-
ing. Submitted October 9, 1931. (Docket No. 73,
Calendar No. 35,892.) Decided December 8, 1931.

Proceedings before circuit court commissioner by
Frances H. Picard against Samuel Shapero to for-
feit a land contract. Judgment for plaintiff. De-
fendant appealed to circuit court. Judgment for
plaintiff. Defendant appeals. Affirmed.

*Henry H. Roberts,* for plaintiff.

*Robert Hanley,* for defendant.

North, J. Plaintiff sold to defendant on a land
contract an apartment building in the city of Detroit
for $128,000. There was a down payment of $19,000,

and the balance was payable in quarterly payments of $2,250 each. Defendant defaulted in the payment due November 1, 1930. Notice of forfeiture was served December 2, 1930. Plaintiff took judgment in summary proceedings before a circuit court commissioner January 19, 1931. The amount then found due and unpaid on the land contract was $2,250. Defendant appealed to the circuit court, where judgment was again entered for plaintiff February 20, 1931, and $4,500 found to be due and unpaid on the contract. This latter amount included a second quarterly payment which the circuit judge found was due and payable February 1, 1931. Defendant has appealed.

In the original land contract the vendee agreed to join "in any bank mortgage" which the vendor might place upon the premises. The parties entered into an agreement on October 12, 1923, by which the vendee consented to a mortgage in a sum not exceeding $65,000 bearing six per cent. interest being placed as a first lien upon the property. See *Shapero v. Picard,* 235 Mich. 481. In this agreement the vendor undertook to make all payments of principal and interest on the mortgage according to the terms thereof, and, in the event of his failure so to do, it was provided in the agreement "all payments of principal and interest upon the within contract shall cease until such time as said payments" are made. Plaintiff was not in default on the mortgage obligation at the time notice of forfeiture was served; but interest which fell due January 1, 1931, was unpaid at the time judgment was taken before the circuit court commissioner. This installment of interest was paid by plaintiff the day before the trial in circuit court. It is appellant's contention that, because of the provision above quoted from the contract of

October, 1923, nothing was due and payable on the land contract at the time of the hearing before the circuit court commissioner, and further, that on appeal to the circuit court the issue should have been adjudicated in accordance with the facts as they existed at the time of the trial in the commissioner's court rather than upon hearing *de novo*. Appellant's position cannot be sustained for two reasons. Upon appeal from the circuit court commissioner the practice is the same as upon appeal from justice's court, and an entirely new and independent trial is had. 3 Comp. Laws 1929, § 14987. Further, upon service of the notice of forfeiture the vendee's right to enforce the contract was terminated, or at least suspended, until its terms were reinstated by payment of accrued installments. *Stevens* v. *Most*, 251 Mich. 23. Hence the vendee could not complain because of or defend upon the ground that plaintiff defaulted in paying the mortgage interest which became due after notice of forfeiture.

There is no merit in appellant's contention that, because the vendor for a time was in default as to payments due on the mortgage, the vendee for a corresponding period should not be chargeable with interest on the unpaid portion of the contract price. The agreement expressly provides only that the vendee's obligation *to pay* "shall cease until such time as said payments" on the mortgage are made. It does not suspend accrual of interest. As above noted, all payments due on the mortgage had been satisfied at the time judgment was taken in the circuit court. Plaintiff was not then in default and she was entitled to have the amount due at the time of trial in the circuit court fixed by the judgment of that court. *Stevens* v. *Most, supra*.

At the close of plaintiff's proof in the circuit court, the defendant moved for a directed verdict on the ground that there was no proof that the notice of forfeiture had been served. Thereafter the records and files of the case were offered and received in evidence. A copy of the notice of forfeiture together with an attached affidavit of service included in the commissioner's return thus became a part of the evidence in this case without objection. We think it must be conceded that the proof thus offered was not sufficient.

"The best way to make such proof is by the production of a copy of the notice served, with a verified certificate of the person serving it attached thereto. *However, upon the trial proper evidence must be introduced of such service.*" Davis Michigan Circuit Court Commissioners Practice, § 350.

Except as above noted, the insufficiency of this proof was not urged in the circuit court. We are convinced from the record that it is wholly technical and without merit. For this reason we are disposed to pass it for the present; and if urged subsequently, incident to an application for a rehearing in this court or otherwise, permission will be given to appellee under Michigan Court Rule No. 79, § 1(e), to make the necessary proof and file it as a part of this record.

It is pointed out in appellant's brief that, pending the appeal in this court, the $65,000 mortgage together with six months' interest at the rate of six per cent. per annum became due and payable July 1, 1931. This mortgage is a lien upon the property prior to appellant's vendee's rights therein. Appellant contends that, in the event of the judgment of the circuit court being affirmed, he should not be re-

quired, as a condition of being reinstated under his contract, to pay accrued installments, because such payments by the vendee would reduce the unpaid portion of the contract price to less than the amount due on the mortgage. This result will not follow affirmance of the judgment as rendered in the circuit court, provided appellant is not required to pay contract installments which have subsequently accrued.

It is also urged by appellant that he should not be required to make further payments on his contract until the appellee pays or refinances the mortgage indebtedness now past due, and that to hold otherwise is to compel appellant to at once pay the balance of the contract price instead of being permitted to pay in quarterly installments of $2,250 as provided in his contract. The answer to this objection is that in the original contract appellant as vendee agreed with the vendor "to join in any bank mortgage which party of the first part may place upon said premises," and subsequently, as noted above, appellant, in October, 1923, entered into a supplemental agreement with his vendor in which he specifically consented to a $65,000 mortgage "to bear interest not more than six per cent., which said mortgage shall be a lien superior to the within contract, and a first lien on said property." In a former suit between these parties (235 Mich. 481), this agreement was held to be binding upon the present appellant; and he is still bound by the terms thereof.

For the reasons hereinbefore indicated, the judgment as entered in the circuit court is affirmed, with costs to appellee.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and Fead, JJ., concurred.