MILKS *v.* TRITTEN.

1. DAMAGES—FUTURE PAIN AND SUFFERING—TRIAL—INSTRUCTIONS.
   In action for personal injuries it was not error to permit jury to consider compensation for future pain and suffering, where plaintiff testified that he still suffered aches and pains from his injuries, which included broken leg, broken nose, broken and misplaced upper jaw bone, loosened teeth, and other severe injuries.

2. APPEAL AND ERROR—PLEADING—OBJECTION RAISED FOR FIRST TIME ON APPEAL COMES TOO LATE.
   Objection on appeal that trial court submitted to jury some elements of compensation not covered by declaration comes too late, where charge was within evidence which was admitted without objection.

As to damages for future pain and suffering, see annotation in 8 L. R. A. 765.

3. SAME—GREAT WEIGHT OF EVIDENCE.

Where testimony was in sharp conflict, with both plaintiff and defendant corroborated by witnesses, so that their credibility was important consideration, Supreme Court cannot say that verdict was against great weight of evidence.

Appeal from Manistee; Cutler (Hal L.), J. Submitted January 15, 1932. (Docket No. 150, Calendar No. 36,110.) Decided April 4, 1932.

Case by Loren Milks, by next friend, against William Tritten for personal injuries sustained in an automobile accident alleged to be due to defendant's negligence. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Campbell & Campbell,* for plaintiff.

*W. P. Crotser* (*J. W. Patchin,* of counsel), for defendant.

FEAD, J. As plaintiff and defendant were driving in the same direction and defendant was passing plaintiff, the latter's car ran off the road, turned over, and he was injured. Each blames the other for the accident. Plaintiff had judgment for $3,500.

Plaintiff suffered a broken leg, a broken nose, a broken and misplaced upper jaw bone, loosened teeth, and other severe injuries. He testified his leg pains him, especially when he walks, his head aches, and his jaw hurts when he eats. In view of this testimony, it was not error to permit the jury to consider compensation for future pain and suffering. Pains from broken bones do not cease in an instant. The verdict demonstrates that the jury did not misuse the instruction of the court.

Defendant's contention that the court submitted to the jury some elements of compensation which

were not covered by the declaration comes too late. The charge was within the evidence. The testimony was taken without objection. No request to limit recovery was made. There is nothing to review.

The testimony as to the cause of the accident was in sharp conflict, with both plaintiff and defendant corroborated by witnesses, so that their credibility was an important consideration. We cannot say the verdict was against the great weight of the evidence.

Defendant's other contentions have no merit and need no discussion.

Judgment affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.