BURKE *v.* HENRY.

1. Circuit Court Commissioners—Vendor and Purchaser—Proof of Valid Forfeiture Necessary.

Proof of valid forfeiture of land contract is essential to vendors' case in summary proceedings before circuit court commissioner.

2. Appeal and Error—Questions Reviewable.

Supreme Court will not consider alleged error to which attention of trial judge has not been called.

3. Same—Summary Proceedings—Supplying Proof—Court Rules.

Where, in summary proceedings, vendors' failure to make proof of notice of forfeiture was oversight, and vendees made no objection to entry of judgment without such proof, and do not claim on appeal that there was no forfeiture, vendors are permitted to make necessary proof on rehearing and file it as part of record (Court Rule No. 79).

Appeal from Oakland; Covert (Frank L.), J. Submitted October 4, 1932. (Docket No. 16, Calendar No. 36,564). Decided December 6, 1932.

Summary proceedings by Cataldo Burke and another against Susan R. Henry and another. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Ritchie S. Barrie,* for plaintiffs.

*Arthur E. Moore* and *George A. Dondero,* for defendants.

McDonald, J. On the trial in the circuit court of an appeal from a commissioner's judgment in summary proceedings, the plaintiffs neglected to make proof of service of notice of forfeiture. The de-

fendants made no objection to the entry of judgment without such proof. At the close of the plaintiffs' case, the court addressing defendants' counsel inquired if he had anything to offer. Counsel replied that he had not, and that the amount claimed by the plaintiffs to be due was correct. Thereupon the court entered judgment in favor of the plaintiffs. The defendants have appealed.

Proof of a valid forfeiture was essential to plaintiffs' case. Failure to show it was an oversight. Defendants do not claim there was no forfeiture. If there had been none, their counsel undoubtedly would have urged it as a defense either in the pleadings or on the trial, or in a subsequent motion to set aside the judgment. Instead, probably for delay, they took an appeal, and have raised the question for the first time in this court. We have repeatedly held that we will not consider alleged error concerning matters to which the attention of the trial judge has not been called.

However, if defendants claim that notice of forfeiture was not served, on application for a rehearing the court will permit the necessary proof to be taken and filed as a part of this record under Michigan Court Rule No. 79. See *Picard* v. *Shapero,* 255 Mich. 699.

The judgment is affirmed, with costs to the plaintiffs.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.