PETERS *v.* WURZBURG.

1. MOTOR VEHICLES — EVIDENCE — QUESTION FOR JURY — PHYSICAL FACTS.

   Disputed testimony as to position of moving vehicles at time of impact and opportunity afforded drivers to see each other should generally be left to determination of the jury and is so left where physical facts are not clear.

2. SAME—CONTRIBUTORY NEGLIGENCE—VIEW OF SCENE OF ACCIDENT.
   Record, containing photographs of scene of motor vehicle accident, *held,* not to require substitution of determination of Supreme Court that plaintiff was guilty of contributory negligence for finding of jury who had view of the scene of the accident accompanied only by a deputy sheriff.

3. TRIAL—EXCESSIVE ZEAL—APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW.
    Excesses of professional zeal in the trial of a case, which are not so prejudicial as to impede justice, cannot be considered on appeal where opposing counsel failed to give reasons for his objections or to request instructions from the court that remarks be disregarded.

4. APPEAL AND ERROR—EXCEPTION—CHARGE TO JURY.
    Error may be assigned to charge to jury although no exception has been taken (3 Comp. Laws 1929, § 14311).

5. DAMAGES—FUTURE PAIN AND SUFFERING—PLEADING—EVIDENCE.
    Statement in charge in case arising from motor vehicle accident in which plaintiff's bones were broken, that jury might consider damages for future pain and suffering *held,* proper where declaration avers that plaintiff suffered permanent injuries and had not wholly recovered and evidence shows plaintiff was still suffering discomfort at time of trial.

6. SAME—INSTRUCTIONS—EXCESSIVE VERDICT.
    Instruction that recovery for personal injuries must be limited to $25,000, *held,* not erroneous as encouraging rendition of a large verdict where that was the amount claimed in the *ad damnum* clause.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted January 19, 1934. (Docket No. 100, Calendar No. 37,556.) Decided June 4, 1934. Rehearing denied September 18, 1934.

Case by Joseph Peters against Marguerite C. Wurzburg and another for personal injuries sustained in a collision between a motorcycle and an automobile. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*McAllister & McAllister,* for plaintiff.

*Travis, Merrick, Johnson & McCobb,* for defendants.

BUSHNELL, J. Plaintiff had a verdict from a jury in the sum of $9,739.95, arising out of an accident

occurring on the outskirts of the city of Grand Rapids. Plaintiff, riding his motorcycle about noon on July 31, 1931, was going east on M–21, accompanied by a young woman who was killed in the ensuing collision. Defendant Wurzburg's automobile, unoccupied except for its driver, defendant Buervenich, was moving in the opposite direction. About 200 feet west of the brow of a hill the road takes a curve towards the south to a point about 800 feet east of the crest. The day was clear and the pavement dry; the highway for some distance each way from the scene of the accident may be described as rolling. Both vehicles were going at a rapid rate and the collision occurred at a point close to the brow of the hill. Each party testified that the other was not visible to him until they were within 40 feet of each other.

Plaintiff claims that defendant's car was straddling the black center line, indicating that the automobile was partly on the wrong side of the road. Defendant's case is largely based on the assertion that his car was at least a foot and a half to the north of the center line of the road and that, just before the collision, plaintiff was driving his motorcycle on the wrong side of the black line. The testimony as to the facts is no less conflicting than the claims of the parties. As a result of the impact, plaintiff's companion was thrown against or near a mail box on the south side of the road, and plaintiff was found under his motorcycle in the middle of the south lane. He suffered a compound fracture of the left leg and a fracture of a small bone of the foot, resulting in a permanent impairment of much of the use of the limb.

Defendant's car came to a stop in a ditch on the south side of the road after zigzagging for some

distance which, according to defendant's claim, was caused by the bursting of a tire, cut by a projection on the motorcycle. Testimony was submitted showing tire marks beginning 18 inches north of the center line at a point approximately 45 to 75 feet west of the mail box. Plaintiff contends that the defendant was cutting the curve. The front half of the car and motorcycle were not damaged, from which plaintiff argues that defendant must have jerked his car to the right, projecting the back end still further over the center line of the road, thereby either sideswiping the motorcycle or hooking it with some part of the automobile.

The record and briefs are replete with conflicting testimony and claims arising out of the physical facts. Like the usual collision case, the difference between accident and safety was reduced to fractions of space and time, and it is of no great benefit to the public or the profession to encumber opinions with a discussion of highly controverted questions of fact and energetically contested arguments.

Disputed testimony as to the position of moving vehicles at the time of impact and the opportunity afforded drivers to see each other should generally be left to the determination of the jury, but defendants contend that when the physical facts clearly dispute the testimony they must control, citing *Brady* v. *Railway Co.*, 248 Mich. 406, and *Kok* v. *Lattin*, 261 Mich. 362. Here, however, the physical facts are far from clear and deductions may be made therefrom in support of either theory.

Likewise, to hold with the defendant on the issue of contributory negligence would require a substitution of our determination in this case for that of the jury. We are urged by defendant to assume from the photographs introduced in evidence that plaintiff should have seen defendant coming over the hill

and avoided the accident. We are unwilling to substitute our conclusions from photographs for the jury's conclusions after a view of the scene, accompanied only by a deputy sheriff. If we accept photographs shown in either party's brief at their face value, we would be adopting views the accuracy of which would depend upon conditions of light, angle of vision, and many other conflicting factors, etc., and from the one particular spot selected by the party whose photograph we use, rather than the impressions of a jury which was in a position to view the premises from every conceivable point. We cannot under the record presented hold plaintiff guilty of contributory negligence.

Appellants include in their brief some 24 pages of quotations from the record in support of their contention that plaintiff's counsel consistently attempted to prejudice the defendants in the minds of the jury. We do not approve of quibbling and discourtesy in the trial of cases, but such action on the part of counsel or litigants usually produces its logical result. Neither juries nor judges are impressed or influenced by such conduct. Both parties were provided with unusually competent and aggressive lawyers. In several particulars their zeal almost resulted in a substitution of parties. The record, however, justifies the conclusion that the trial judge succeeded in keeping the proceedings on a fairly even keel.

We have had occasion to pass upon this class of misconduct in too many cases. Since the question is raised here we might suggest that warmth of zeal is commendatory but the canons of professional ethics condemn excesses of this sort just as strongly as they do those matters considered by some to be more serious. We have carefully examined the examples of misconduct so classified and suggest that

some, at least, cannot be considered because of counsel's failure either to give reasons for his objections or to request instructions from the court that the remarks be disregarded. *Kirchner* v. *Railway Co.,* 91 Mich. 400 (4 Am. Neg. Cas. 131); *Mahiat* v. *Codde,* 106 Mich. 387; *Walz* v. *Peninsular Fire Ins. Co.,* 221 Mich. 326; *Genack* v. *Gorman,* 224 Mich. 79. Such matters, unless so prejudicial that justice is impeded, must be left to the trial judge, who can take care of them much more satisfactorily and effectively than we. *Rutter* v. *Collins,* 103 Mich. 143.

See also, *Thompson* v. *Railway Co.,* 91 Mich. 255; *Thomas* v. *Township of Byron,* 168 Mich. 593 (38 L. R. A. [N. S.] 1186, Ann. Cas. 1913 C, 686); *Nosa* v. *Railway Co.,* 196 Mich. 104; *Grubaugh* v. *Simon J. Murphy Co.,* 209 Mich. 551.

The general charge, to which was added the caution of the court during the trial, was sufficient to apprise the jury as to who were the real litigants, and we find no necessity from this part of the record for ordering a new trial.

The charge was comprehensive and clear, so much so that defendants only raise two objections, which we will now discuss. Error is claimed in that the jury was charged that it might consider the question of damages for future pain and suffering, since it is contended that there is no evidence whatever that the plaintiff will undergo pain and suffering in the future and that suitable allegations to this effect were not made in the declaration. Plaintiff says that such assignment of error cannot be considered as no exception was taken to the charge. No exception need be taken. 3 Comp. Laws 1929, § 14311. See *Rohmer* v. *Labo,* 191 Mich. 55, and the cases there collected.

The declaration included an allegation as to the permanency of the injuries which was supported by the testimony, although it did not allege future pain and suffering. The reasonable effect of a permanent injury such as the one suffered in the instant case is future pain, and there is allegation and proof made that plaintiff was still suffering discomfort at the time of trial. We held in *Leedy* v. *Hoover*, 160 Mich. 449, that damages could be assessed for the continuance of ill effects from injuries from which there had not been complete recovery at the time of filing, even though the declaration did not allege permanent injury but merely averred that plaintiff had not wholly recovered, and Justice FEAD said in *Milks* v. *Tritten*, 258 Mich. 236, that it was not error to permit the jury to consider compensation for future pain and suffering. Pain from broken bones does not cease in an instant.

Error is claimed in that the jury was instructed that recovery must be limited to $25,000, and it is intimated that it encouraged the rendition of a large verdict. The charge conforms to that approved by *Sherwood* v. *Railway Co.*, 82 Mich. 374, 383.

Other errors alleged are of no great merit, dealing principally with excessiveness of the verdict, failure to grant a new trial, claimed improper restrictions imposed on cross-examinations, leading questions, and other related matters, including the usual statement that the verdict was against the great weight of the evidence.

The case was vigorously tried, the jury was in possession of the facts, and we find no error sufficiently serious to justify disturbing the judgment.

The judgment is affirmed, with costs to appellee.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.