## DONAHUE *v.* GORDON.

1. AUTOMOBILES—NEGLIGENCE—EVIDENCE—INTERSECTION COLLISION.
   In action under survival act by administratrix of estate of deceased pedestrian who was fatally injured while on south sidewalk about 15 or 20 feet east of intersection in which defendants' cars collided, evidence *held,* sufficient to support finding by trial court, sitting without a jury, that driver of southbound car was negligent, where it appears that eastbound car was over half way across intersection when the impact occurred, that the driver of neither car had made any effort to give way to the other car although southbound driver had seen other car approaching from his right, and that if either was entitled to the right of way it was not the southbound car (3 Comp. Laws 1929, § 14040 *et seq.*).

2. Same—Contributory Negligence—Pedestrian on Sidewalk.

In action under survival act by administratrix of deceased pedestrian who was on sidewalk some 15 or 20 feet east of intersection at which collision occurred, record *held*, to support finding of trial court that deceased was not guilty of contributory negligence (3 Comp. Laws 1929, § 14040 *et seq.*).

3. Appeal and Error—Questions Reviewable—Funeral Expenses—Action Under Survival Act.

In action under survival act in which testimony concerning funeral expenses was received in evidence without objection in trial without a jury and question as to error in allowance of such expenses was not raised until appeal, such question cannot be considered since it is now too late (3 Comp. Laws 1929, § 14040 *et seq.*).

4. Same—Questions Reviewable—Trial Judge.

Supreme Court will not consider alleged errors concerning matters to which the attention of the trial judge was not called.

5. Death—Damages—Pain and Suffering.

Allowance of $1,200 for pain and suffering by 60-year-old pedestrian who lived a little over three days after sustaining three fractures of thigh and leg bones and other injuries *held*, not excessive in action under survival act by administratrix of his estate (3 Comp. Laws 1929, § 14040 *et seq.*).

Appeal from Wayne; Miller (Guy A.), J. Submitted January 11, 1940. (Docket No. 65, Calendar No. 40,933.) Decided March 15, 1940.

Case by Mary Donahue, administratrix of the estate of John Donahue, deceased, against Mollie Gordon, Harold N. Gordon, and Eugene W. Zeckman for damages for fatal injuries sustained by plaintiff's decedent when struck by an automobile. Judgment for plaintiff against all defendants. Defendants Gordon appeal. Affirmed.

*Sidney E. Doyle* (*Thomas J. Murphy,* of counsel), for plaintiff.

*Edward N. Barnard,* for defendants Gordon.

SHARPE, J.   This is an action under the survival act (3 Comp. Laws 1929, § 14040 *et seq.* [Stat. Ann. § 27.684 *et seq.*]) brought by plaintiff, Mary Donahue, administratrix of the estate of John Donahue, deceased.   The principal facts are not in dispute. On the 11th day of December, 1937, at about the hour of 2 :30 p. m., the defendant Mollie Gordon was the owner of an Oldsmobile automobile and the same was being driven by her son, Harold N. Gordon, with her knowledge and consent, in a southerly direction on Woodrow Wilson avenue in the city of Detroit. At about the same time, defendant Eugene W. Zeckman was the owner of a Ford sedan and was driving the same in an easterly direction on West Bethune avenue towards and across the intersection of Woodrow Wilson and West Bethune avenues.   Both cars attempted to cross the intersection at the same time and as a result a collision occurred with the Zeckman car finally coming to a stop between the curb and the sidewalk about 25 feet east of the southeast corner of the intersection.

About the time the two cars were entering the intersection, plaintiff's decedent, John Donahue, was walking east on the south side of Bethune avenue on the sidewalk about 15 or 20 feet east of Woodrow Wilson avenue.   The eastbound car struck plaintiff's decedent and he sustained three fractures of the thigh and leg bones as well as suffering other injuries.   He died four days later in the hospital. At the time of his death, he was past 60 years of age, addicted to the use of alcohol, and had no gainful occupation.   The cause was tried without a jury. The trial court found that both drivers were guilty of negligence and rendered judgment in favor of plaintiff in the sum of $297.40 for hospital bills and

funeral expenses and $1,200 for pain and suffering. The defendants Mollie Gordon and Harold N. Gordon appeal and contend that the finding of negligence on the part of defendants Gordon is against the preponderance of the evidence.

In considering the claimed negligence on the part of the driver of the Gordon car we have in mind that there is testimony showing that the Zeckman car was more than half way across Woodrow Wilson avenue when the impact occurred; that neither car made any effort to give way to the other car; and that if any car was entitled to the right of way it was not the Gordon car. There is evidence that as Gordon approached the intersection he saw the Zeckman car approaching from the west. Gordon made no attempt to stop. He thought he could cross in front of the approaching car, but was mistaken. In our opinion there is competent evidence to sustain the finding of the trial court that defendant Harold N. Gordon was guilty of negligence. See *Leonard* v. *Hey,* 269 Mich. 491 (37 N. C. C. A. 111).

The trial court found that, ''There is, of course, no question of contributory negligence in this case on the part of the deceased. He was where he had a right to be, and was under no compulsion to expect that automobiles would come up on the sidewalk and strike him from behind.'' The record supports such a finding on the part of the trial court. See *Grant* v. *Richardson,* 276 Mich. 151.

It is next contended that the trial court was in error in allowing any amount for funeral expense and *Spillman* v. *Weimaster,* 275 Mich. 93, is cited as authority for the rule that burial expenses are not recoverable when an action is brought under the ''survival act.'' The record shows that the entire testimony concerning funeral expenses was received in evidence without objection nor do we find that this question was raised until appeal to this court.

It is now too late; we have repeatedly held that we will not consider alleged errors concerning matters to which the attention of the trial judge has not been called. *Rice* v. *Katz,* 255 Mich. 1; *Burke* v. *Henry,* 261 Mich. 74; *Milks* v. *Tritten,* 258 Mich. 236; *La Pointe* v. *Chevrette,* 264 Mich. 482.

Nor do we think the amount allowed for pain and suffering was excessive. The record shows that deceased was injured at about 2:30 p. m., on December 11, 1937, and died at 9 p. m., on December 14th. The trial court said: "the pain and suffering endured, under all the circumstances, should be reasonably compensated by an allowance of $1,200."

In *Collins* v. *Hull,* 256 Mich. 507, the decedent, a housewife, 60 years of age, lived four days during which she was conscious and suffered very great pain, this court upheld a verdict of $4,000. The court said:

"While the monetary compensation cannot be measured with any degree of certainty, nevertheless, plaintiff is entitled to a substantial amount for the pain and suffering endured by decedent. *Oakes* v. *Van Zomeren,* 255 Mich. 372. We have affirmed judgments for larger amounts in cases of infants who only survived a few hours after receiving fatal injuries. *Swaczyk* v. *Detroit Edison Co.,* 207 Mich. 494; *Ignaszak* v. *McRay Refrigerator Co.,* 221 Mich. 10; *Love* v. *Railroad Co.,* 170 Mich. 1, 8; *Mulvihill* v. *Railway,* 231 Mich. 123. In *Stone* v. *Sinclair Refining Co.,* 230 Mich. 472, we affirmed a judgment for $4,000 exclusively for pain and suffering in the case of a married woman who lived only four hours after the accident."

The judgment of the trial court is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and POTTER, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.