AMERICAN HOTELS CORP. *v.* SCHMIDT.

1. TRIAL—OPENING STATEMENT—ARGUMENT.
   Opening statement and argument of plaintiff's counsel in proceeding to terminate defendant's tenancy of room in plaintiff's hotel *held*, not to have constituted reversible error as improper, prejudicial and inflammatory although somewhat verbose and far-reaching.

2. LANDLORD AND TENANT—NOTICE OF TERMINATION OF TENANCY—PAYMENT AND ACCEPTANCE OF RENT WITHOUT PREJUDICE.
   Payment and acceptance of room rent after notice of termination of tenancy did not vitiate the notice where such rent was received without prejudice to hotel owner's rights.

3. APPEAL AND ERROR—FINDING OF FACT BY COURT—PREPONDERANCE OF EVIDENCE.
   The finding of fact by a trial judge that attorneys for the respective parties in a proceeding to terminate defendant's tenancy of plaintiff's hotel room had agreed that the rent paid after notice of termination had been given should be paid without prejudice to plaintiff's rights should not be set aside unless the evidence clearly preponderates in the opposite direction.

4. LANDLORD AND TENANT—POSSESSION OF HOTEL ROOM—VERDICTS—EVIDENCE.
   Verdict of jury that defendant was guilty of withholding possession of plaintiff's hotel room *held*, supported by competent evidence.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted January 17, 1946. (Docket No. 22, Calendar No. 43,248.) Decided March 4, 1946. Rehearing denied May 13, 1946.

Summary proceedings before circuit court commissioner by American Hotels Corporation against

Joe Schmidt to obtain possession of hotel room. Judgment for plaintiff. Defendant appealed to circuit court. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Perlman & Cohen,* for plaintiff.

*Meyer Weisenfeld,* for defendant.

BUSHNELL, J. Defendant Joe Schmidt had occupied a room in the Briggs Hotel, on a weekly basis, for approximately 28 months. Plaintiff American Hotels Corporation, which operated this hotel, instituted proceedings on April 30, 1945, before a circuit court commissioner for the termination of Schmidt's tenancy. After a hearing, judgment was entered by the commissioner in favor of plaintiff. An appeal was taken to the Wayne circuit court, where a jury found Schmidt guilty of withholding possession of the room.

On appeal to this court, Schmidt urges that the judgment entered on the jury's verdict should be vacated, because the opening statement, the actions throughout the trial, and the argument of appellee's counsel were improper, prejudicial, and inflammatory, and therefore constitute reversible error. He also argues that plaintiff, having demanded and received payment of rent in advance, both before and during the pendency of the action against him, together with locking him out of his room, vitiated the notice of termination of the tenancy and entitled him to a verdict of "not guilty."

A recital of the circumstances which led to the termination of the tenancy, which were alluded to with elaboration by plaintiff's counsel, would be of no benefit to the profession. Both the opening statement and argument of plaintiff's counsel have been examined and, while they were somewhat verbose

and far-reaching, do not as a matter of law consti-
tute reversible error. See *Peters* v. *Wurzburg*, 267
Mich. 45.

While the jury was out of the court room, defend-
ant's attorney suggested that he had a legal defense
in that "after service of the notice of termination
of tenancy, plaintiff accepted rent; in fact demanded
rent for the premises; that, as a matter of law, de-
mand and acceptance of such rent vitiated the no-
tice and the entire proceedings."

In the ensuing colloquy it developed that plaintiff
contended that such rent was received without prej-
udice, and so noted on the file of the circuit court
commissioner. As a result of a dispute on this
subject between counsel it was agreed that each of
them would take the stand without the jury being
present and testify as to what took place before the
circuit court commissioner with respect to this pay-
ment, and that the court should determine "whether
they are questions of fact or of law, without sub-
mitting them to the jury." At the conclusion of this
testimony the trial judge took the matter under ad-
visement in connection with defendant's request for
a directed verdict, and later for a judgment *non
obstante veredicto.*

The court in a statement upon the record found as
a fact that the attorneys had agreed that the rent in
question should be paid without prejudice to plain-
tiff's rights. An examination of this testimony re-
quires the conclusion that the court's denial of a
judgment notwithstanding the verdict was correct.
Further, that determination should not be set aside
unless "the evidence clearly preponderates in the
opposite direction." *Hazen* v. *Rockefeller,* 303
Mich. 536, 549. The jury's verdict of guilty is sup-
ported by competent testimony, and should be af-
firmed.

The judgment is affirmed, with costs to appellee.

Butzel, C. J., and Carr, Sharpe, Boyles, Reid, North, and Starr, JJ., concurred.