LAMBTON LOAN & INVESTMENT CO. *v.* ADAMS.

LAND CONTRACTS — FORFEITURE — SUMMARY PROCEEDINGS — PAYMENT OF AMOUNT DUE—RESTITUTION.

No writ of restitution can issue upon the judgment of a circuit court commissioner for the possession of land, based upon the forfeiture of a land contract for failure to pay money due, where the defendant, within five days after final judgment, pays the amount found due, and double the amount of costs awarded. 3 Comp. Laws, § 11177.

*Certiorari* to St. Clair; Law, J. Submitted February 3, 1903. (Calendar No. 19,751.) Decided March 5, 1903.

*Mandamus* by the Lambton Loan & Investment Company to compel Charles W. Adams, circuit court commissioner of St. Clair county, to issue a writ of restitution. From an order granting the writ, respondent brings *certiorari*. Reversed.

The relator has the record and legal title to lot 13, block 23, White's plat, city of Port Huron. The lot was formerly owned by Fred J. Wright, subject to a mortgage to relator, which was foreclosed, and the lot bought in by relator, and it became owner in fee. Afterwards, October 28, 1900, the relator and said Wright entered into a contract in writing for the sale by relator and purchase by Wright of the lot, to convey upon payment of $2,443.55, in installments of $25 a month; interest semi-annually

until principal reduced to $1,500; then deed to be given, and mortgage back for balance. Payments were made for some time, up to the amount of $350. No further payments were made up to July 9, 1902, when about $500 had become past due. In the contract is the usual provision that time shall be of the essence of the contract.

On the 9th of July, 1902, relator, by W. L. Jenks, its attorney, gave Wright notice of forfeiture of his rights under the contract by nonpayment of amount due, and demanding possession. Wright remained, and is still, in possession. December 9, 1902, relator made and filed the usual complaint to commence proceedings before the respondent, Charles W. Adams, a circuit court commissioner of St. Clair county, to regain possession under the statute in such case provided. The usual summons was issued to Wright, on the return day of which the parties appeared. Wright, the defendant therein, pleaded "Not guilty," and the case was adjourned until December 17th, when the parties again appeared and proceeded to trial, complainant relying upon the contract; and both parties agreed in open court that there was due upon said contract of purchase the sum of $2,865.65, and thereupon the commissioner ordered and adjudged that complainant have restitution, with costs, taxed at $7.83.

On December 22, 1902, and within five days after the finding and rendition of judgment as aforesaid, Wright, the defendant in that suit, paid to the commissioner, for complainant, the amount so found due and payable on the contract, with interest, and double the amount of costs, amounting in all to the sum of $2,883.68; and the commissioner offered and tendered the same to P. H. Phillips, attorney for complainant, who refused to accept the same, and it is still in the hands of the commissioner, ready to be produced and paid to said complainant or its attorney. Of the payment or manner of payment, no question is made. On the expiration of five days after the judgment, complainant's attorney demanded the issuance of a writ of restitution, which was refused. Thereupon the relator

petitioned the circuit court for a *mandamus* to compel the commissioner to issue the writ. The court made an order that the commissioner on December 31, 1902, show cause why such *mandamus* should not issue. The commissioner made return, stating the facts without the evidence. On the day named in the order, the parties appeared, and relator demanded a further return, showing what facts appeared or were in proof. Under objection, the court ordered such further or amended return, which was made January 2, 1903, when the parties appeared, and, after argument, the court overruled respondent's objections, and entered an order that the writ of *mandamus* be issued, compelling the commissioner to issue the writ of restitution. Whereupon this writ of *certiorari* was applied for and granted.

*Phillips & Jenks*, for relator.

*William T. Mitchell* (*Stevens, Graham & Stevens,* of counsel), for respondent.

GRANT, J. (*after stating the facts*). This is a proceeding brought under the statute providing summary proceedings to recover the possession of land. Sections 11164–11181, 3 Comp. Laws. Section 11164 authorizes this proceeding when one shall "hold over any lands or tenements after the time for which they are demised or let to him, * * * or contrary to the conditions or covenants of any executory contract for the purchase of lands, * * * or where rents shall have become due on any such lease or agreement." Section 11168 provides that if it is claimed upon the trial before the commissioner, or upon appeal to the circuit court, that the complainant is entitled to possession in consequence of the nonpayment of any sum of money due as a part or portion of the purchase money of premises, the officer or the court or jury shall, in addition to the usual judgment for the complainant, ascertain and determine the amount due the complainant, and that such amount shall be stated in the judgment. Section 11177 provides

that "no writ of restitution shall issue if the defendant shall, within five days after final judgment, pay the amount so found due, and double the amount of costs awarded to the said complainant."

Three actions were open to the complainant upon the failure of the vendee to make payments, and the service of notice upon him declaring the contract forfeited: (1) A suit in equity to foreclose the contract; (2) an action of ejectment; (3) proceedings under the statute. The first two actions exist independent of the statute. The third is purely statutory. The only violation of the vendee's contract in this case was his failure to make payments. This brought him directly within the terms of the statute. He who seeks possession for violation of a lease or contract of sale for nonpayment of money due thereunder takes the remedy subject to the conditions imposed by the statute. The statute was designed to provide a speedy and summary remedy for obtaining possession of lands held over contrary to these agreements, and in doing so it also sought to give the lessee or vendee another opportunity to retain the benefit of his contract by payments within five days, where the failure to pay was his sole default.

The judgment is reversed, and the writ of *mandamus* issued by the court below quashed.

The other Justices concurred.