ROMEO *v.* LUPO.

LANDLORD AND TENANT—SUMMARY PROCEEDINGS FOR NONPAYMENT OF RENT—TENDER OF AMOUNT DUE.

In summary proceedings for the possession of a store building for nonpayment of rent, where defendants tendered into court the amount due, with costs, in compliance with 3 Comp. Laws 1915, § 13253, as amended by section 25, Act No. 243, Pub. Acts 1917, they were entitled to retain possession, and a judgment of restitution is reversed.

Error to Bay; Houghton (Samuel G.), J. Submitted October 31, 1919. (Docket No. 68.) Decided December 22, 1919.

Summary proceedings by Joseph Romeo against Mathew Lupo and another for the possession of a store building. There was judgment of restitution before the commissioner, and defendants appealed to the circuit court. Judgment for plaintiff. Defendants bring error. Reversed, and no new trial ordered.

*Kinnane, Black & Leibrand,* for appellants.

*Hitchcock & Allison,* for appellee.

MOORE, J. This controversy involves the possession of a store building. It was owned by Mr. Clark and his wife, who on August 20, 1913, leased it to plaintiff for a term of 10 years for a rental of $20 per month, payable monthly in advance. On January 2, 1918, plaintiff assigned this lease to defendants for the remainder of the term. Defendants were to continue to pay to the Clarks the $20 per month and were to pay $10 per month in addition to plaintiff. The assignment was silent as to the time of the month the $10 was due. The defendants went into possession. A controversy arose as to the payment of one month's rent. On June 5, 1918, plaintiff served on Mathew Lupo, one of the defendants, a notice, and later commenced a suit by the usual complaint in summary proceedings, to which the defendants pleaded not guilty. The case was tried before the circuit court commissioner, on July 15, 1918. Defendant tendered and paid into court $20. The commissioner entered a judgment of restitution and found that there was owing plaintiff by defendants $30 for rent. The defendants appealed to the circuit court. Defendants, before trial in the circuit court, paid an additional $40 into court to cover the rent which had accrued since the trial before the circuit court commissioner, making a total tender of $60 which was refused by the plaintiff.

At the close of plaintiff's case, defendants moved for a directed verdict, which motion was overruled. The jury returned a verdict that one of the defendants was guilty of withholding the premises, and that there was $60 rent due in addition to $15.20 costs, for which plaintiff might have execution, and also a writ of restitution for the possession of the premises. Some correspondence occurred and defendants tendered the amount of costs in addition to the previous tender, which had been kept good. The court later ordered that the writ of restitution issue, and the case is brought here by writ of error.

Many errors are assigned but we shall consider but one of them.

We think the case comes within the provisions of section 25 of Act No. 243 of the Public Acts of 1917. A similar provision has been construed by this court, *Lambton Loan & Investment Co.* v. *Adams,* 132 Mich. 350, where Justice GRANT, speaking for the court, said:

"He who seeks possession for violation of a lease or contract of sale for nonpayment of money due thereunder takes the remedy subject to the conditions imposed by the statute. The statute was designed to provide a speedy and summary remedy for obtaining possession of lands held over contrary to these agreements, and in doing so it also sought to give the lessee or vendee another opportunity to retain the benefit of his contract by payments within five days, where the failure to pay was his sole default."

The judgment is reversed, with costs, and no new trial ordered.

BIRD, C. J., and STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred. SHARPE, J., did not sit.