## MORTGAGE & CONTRACT CO. *v.* SAGE.

1. VENDOR AND PURCHASER—VENDOR'S ELECTION OF REMEDIES ON PURCHASER'S DEFAULT.

    Vendor under a land contract upon default of purchaser may elect to forfeit contract and bring summary proceedings under 3 Comp. Laws 1929, § 14975 *et seq.*, instead of filing bill to foreclose it.

2. MANDAMUS—ISSUANCE OF WRIT OF RESTITUTION.

    Mandamus proceeding to compel circuit court commissioner to issue writ of restitution to vendor who had obtained judgment of restitution after forfeiture of a land contract was not instituted to adjudicate any contract rights of the parties to it.

3. VENDOR AND PURCHASER—RIGHT TO POSSESSION ON DECLARATION OF FORFEITURE.

    Vendor's right to possession upon election to forfeit land contract is based on statute (3 Comp. Laws 1929, § 14975 *et seq.*).

4. SAME—TERMINATION OF CONTRACT—RECOVERY OF POSSESSION.

    Vendor must terminate contract relations by notice of forfeiture or otherwise or purchaser must do something which of itself determines the contract relation before proceedings to recover possession can be begun.

5. SAME—STATUS OF PURCHASER AS TENANT AT WILL.

    Purchaser under a land contract after default and notice of forfeiture is, independent of contract stipulations, a tenant at will.

6. CONSTITUTIONAL LAW—STATUTES—LAND CONTRACTS—POSSESSION —REMEDY.

    Provisions of statute affecting possession of premises sold under land contract are matters of substance, but those affecting the remedy in order to secure possession may be changed from time to time.

7. SAME—WRIT OF RESTITUTION—IMPAIRMENT OF OBLIGATION OF CONTRACT.

    Act No. 122, Pub. Acts 1933, amending 3 Comp. Laws 1929, § 14988, by extending the time before which a writ of restitution might issue from 30 to 90 days, changed remedy merely and therefore did not impair the obligation of a contract executed before amendatory statute was enacted (Const. 1908, art. 2, § 9).

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted January 9, 1934. (Calendar No. 37,455.) Decided March 6, 1934.

Mandamus by Mortgage & Contract Company, a Michigan corporation, to compel Robert E. Sage, a circuit court commissioner of Wayne county, and another to issue a writ of restitution. Writ denied. Plaintiff appeals. Affirmed.

*Dale H. Fillmore (Roy A. Moxley, of counsel), for plaintiff.*

*Oscar A. Kaufman, for defendants.*

NELSON SHARPE, C. J. There is no dispute about the facts in this case. The plaintiff as vendor brought a summary proceeding before the defendant circuit court commissioner to recover possession of certain real estate sold under land contract, executed on October 26, 1926, to Louis Laczo and Elizabeth Laczo, his wife, and which had been duly forfeited. A judgment of restitution was rendered on June 17, 1933. No appeal was taken therefrom. On July 31, 1933, it applied to the defendant commissioner for a writ of restitution, and, on his refusal to grant the same, petitioned the circuit court of the county of Wayne for a mandamus to compel such action on his part. From an order denying the writ, it has taken this appeal.

At the time the contract was entered into, the statute under which the application for the writ of restitution was made (3 Comp. Laws 1929, § 14988), provided that it should not issue "until the expiration of thirty days after the entry of judgment of restitution." Before the entry of the judgment, and on June 13, 1933, this section was amended by Act No. 122, Pub. Acts 1933, by changing the word "thirty" to "ninety," and given immediate effect.

The action of the commissioner and of the circuit court was based upon this amendment, and the question here presented is whether it impairs the obligations of the contract entered into on October 26, 1926, and for that reason violates the Constitution (article 2, § 9).

While the complaint made to the commissioner and the summons issued thereon and the judgment of restitution do not appear in the record, it is apparent from the statement of facts, agreed upon, that the proceedings were based upon the default of the vendees and, as stated in the petition for mandamus and admitted in the return thereto, that the contract had "been duly forfeited and their rights thereunder terminated, excepting as to the matter of possession of the premises therein involved." The statute (3 Comp. Laws 1929, § 14975 *et seq.*) provides for such proceedings, and they were taken pursuant thereto. The vendor was not, however, confined thereto. As was said by Mr. Justice POTTER in *Balesh* v. *Alcott,* 257 Mich. 352, 354:

"Plaintiff had an election of remedies at the time the default occurred on the part of the assignee of the vendees. She could declare the contract forfeited and begin summary proceedings under the statute above mentioned, or she could file a bill for the foreclosure of the contract. The one would proceed upon the theory the contract was at an end; the other upon the theory the contract was in force. She could not do both. She could not elect to declare the contract forfeited, and declare the same to be in force. She could not in one proceeding take the position it was void, and in another proceeding it was valid. She could not declare the contract out of existence in one lawsuit and in existence in another."

This proceeding was not instituted to terminate the contract, or to enforce it, or to adjudicate any of the contract rights of the parties under it. The vendor, by the default or the notice of forfeiture served, if one was necessary under its terms, elected to terminate the contract, and its right to recover possession under the statute is based thereon.

"The rule that the vendor must terminate the contract relations by notice of forfeiture or otherwise, or that the defendant must do some act or thing which of itself determines the contract relation, before proceedings to recover possession of premises can be begun, is well settled." *Miner* v. *Dickey,* 140 Mich. 518, 521.

"Independent of contract stipulations, the vendee in a land contract, after default and after notice of forfeiture, is, strictly, a tenant at will." *Murphy* v. *McIntyre,* 152 Mich. 591, 592.

"Defendant correctly claims that, after a valid declaration of forfeiture, the contract is ended and vendor discharged from his duty to convey and the vendee of his duty to pay. * * * While the action is exclusively one at law, it provides a *quasi-*equitable method of being relieved of the judgment of restitution." *Stevens* v. *Most,* 251 Mich. 23, 25.

"Provisions affecting possession of mortgaged premises are matters of substance, but those affecting the remedy in order to secure possession may be changed from time to time." *Grand River Avenue Christian Church* v. *Berkshire Life Ins. Co.* (syllabus), 254 Mich. 480.

"He who seeks possession for violation of a lease or contract of sale for nonpayment of money due thereunder takes the remedy subject to the conditions imposed by the statute." *Lambton Loan & Investment Co.* v. *Adams,* 132 Mich. 350, 353.

In *Security Investment Co.* v. *Meister,* 214 Mich. 337, a vendor brought proceedings under the statute

to recover possession for default in the payment of land contracts executed in 1916. The time for redemption after judgment by the commissioner was then fixed at five days (3 Comp. Laws 1915, § 13253). This section was amended by Act No. 243, Pub. Acts 1917, extending such time to thirty days (3 Comp. Laws 1929, § 14988). The judgment of restitution was rendered on July 15, 1918. The court, after referring to the section and its amendment, said:

"But the legislature of 1917 saw fit to extend the time for redemption where the proceedings were upon an executory land contract and amended the section" by fixing the time for redemption at 30 days.

The court then said:

"A consideration of these statutory provisions shows the legislative intent to protect defaulting vendees and to give them a final opportunity to pay and be reinstated in their contract rights after a hearing as to amount due and a fixing of that amount. Under our holdings the vendor who avails himself of this statutory proceeding takes it subject to this provision."

In *Curry* v. *Curry,* 213 Mich. 309, the contract of sale was executed in 1910. In 1919, the vendors gave notice of forfeiture and brought proceedings to recover possession under (3 Comp. Laws 1915) § 13253, as amended by Act No. 243, Pub. Acts 1917, above referred to, which gave the defaulting vendee 30 days after judgment to pay the amount found due. Tender was made on the sixth day and refused, and it was held that it complied with the statute.

The order appealed from is affirmed, with costs to appellees.

POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.