TROMBLEY *v.* KOESTLIN.

VENDOR AND PURCHASER—FORFEITURE OF LAND CONTRACT—FORE-
CLOSURE OF MORTGAGE GIVEN AS SECURITY.

Forfeiture of land contract nullifies obligation under mortgage
on other property given by purchaser to secure payment of
past-due instalment and obtain extension of time for making
it, the same as contract obligation itself is nullified.

Appeal from Wayne; Sprague (Victor D.), J.,
presiding. Submitted January 3, 1934. (Docket
No. 26, Calendar No. 37,509.) Decided March 9,
1934.

Bill by Mabel E. Trombley against Herman F.
Koestlin and wife to declare a mortgage void and
remove it as a cloud on title and for other relief.
Bill dismissed. Plaintiff appeals. Reversed and
decree ordered entered for plaintiff.

*C. Upton Shreve* (*John G. Libbers,* of counsel),
for plaintiff.

*John H. Dohrman,* for defendants.

NORTH, J. In June, 1928, plaintiff and her hus-
band, the latter being now deceased, purchased on
contract from defendants a two-family flat in the
village of Grosse Pointe Park. Total consideration
was $22,000, down payment $200, monthly payments
$125 each, and $3,000 payable within six months
from date of contract. While the vendees made the
monthly payments, they did not pay the $3,000 when
due. To meet this situation the vendees gave a
mortgage of $3,000 on their undivided one-fourth

interest in certain lots located in Trombley Park Subdivision, Detroit, which mortgage was payable within one year from its date, January 19, 1929. Simultaneously with the execution of this mortgage the parties entered into a written agreement which was made a part of the land contract and attached thereto; and which, so far as material, reads:

"Said land contract provides that the sum of $3,000 was to be paid as a down payment and the sum of $125 per month. Said first payment has not been made by said parties of the second part and said parties of the second part have given said first parties a note and mortgage on their undivided ¼ interest in the following property: lots 2, 18, 31 and 34, Trombley Park Subdivision to guarantee the payment of said $3,000, within one year from the date hereof.

"Parties of the first part therefore agree not to foreclose said land contract within one year from date provided said monthly payments of $125 are paid and all other provisions of said original land contract. This agreement to be made part of said land contract and attached thereto."

Both the note and the mortgage contain the following recital:

"This note and the mortgage collateral hereto is given to secure the faithful performance of a certain land contract in which Herman F. Koestlin is the seller, and Napoleon J. Trombley is the purchaser, covering * * * (the contract property), which contract is dated June 8, 1928. If at the end of one year from this date all sums then due on said contract are fully paid, then this note and mortgage shall be of no force and effect, but if the payee in this note is compelled to foreclose said contract, then this note and mortgage shall be in full force and effect."

Subsequent to giving the mortgage the vendees under the land contract defaulted in payments thereon, they also defaulted in payment of taxes, and failed to meet the mortgage obligation when due. Thereafter defendants served plaintiff with notice of forfeiture of the contract, prosecuted summary proceedings before a circuit court commissioner and regained possession of the contract property. After recovering possession the defendants started foreclosure of the mortgage by advertisement. Thereupon plaintiff filed the bill of complaint herein, praying that the mortgage be declared to be a cloud upon plaintiff's title to the land described therein, that the mortgage be held to be null and void, and that defendants be restrained from prosecuting foreclosure.

The ground upon which plaintiff seeks to sustain her position is set forth in her bill of complaint as follows:

"That your plaintiff charges and alleges that said purported mortgage is totally void and of no effect by reason of the fact that the rights of the parties in and to said contract have, by the action of the defendants, been declared cancelled and forfeited and that the breach complained of and used as the grounds for the cancellation was the nonpayment of the said $3,000, for which said mortgage heretofore referred to was given as collateral security, and your plaintiff therefore charges that the said defendants are not entitled to forfeit said land contract for the failure to pay the said $3,000, and at the same time to hold the security for the said payment and to foreclose upon said security."

On the other hand defendants assert that the $3,000 mortgage which they seek to foreclose was given as a "down payment" on the land contract; and that their rights as mortgagees are in no way

affected by the forfeiture of the land contract. In the circuit court defendants' contention was sustained and a decree entered dismissing the bill of complaint. Plaintiff has appealed.

The oral testimony taken in the circuit court was concise and in no very material way supplements the record made by the written instruments hereinbefore referred to. The circuit judge, in sustaining the validity of the mortgage and note, seems to have relied much upon the recital therein that "if the payee in this note is compelled to foreclose said contract, then this note and mortgage shall be in full force and effect." In this connection the circuit judge seems to have held that forfeiture of the land contract was tantamount to foreclosure. We think the above-quoted recital should not be so construed. Had defendants proceeded to foreclose in equity they doubtless could have had the advantage of foreclosing both the contract and the mortgage. But in that event the plaintiff herein would have had an opportunity to present the equities of the case to the trial court and had the advantage of such a reasonable period of redemption incident to the foreclosure of the contract as the court saw fit to fix. By resorting to the harsher measure of forfeiture, defendants herein deprive plaintiff of that opportunity. Obviously proceeding by way of forfeiture was not tantamount to foreclosure; and having resorted to the harsher remedy of forfeiture, defendants must accept all the attendant circumstances.

Aside from the foregoing, the express provisions of the supplemental contract and of the mortgage and the mortgage note are quite conclusive that the mortgage obligation undertaken by plaintiff and her husband was not independent of the contract obligation they had already assumed, but instead was collateral thereto and in the nature of additional

security for the performance of the land contract by the vendees. In this connection it is to be noted that the supplemental agreement expressly provides that plaintiff and her husband "have given said first parties a note and mortgage * * * to guarantee the payment of said $3,000," having just previously referred to the $3,000 "as a down payment" on the contract. Still more persuasive is the recital in both the note and mortgage that each "is given to secure the faithful performance of a certain land contract;" and further if all sums accruing on the contract within the next ensuing year "are fully paid, then this note and mortgage shall be of no force and effect." In view of these provisions, we are constrained to hold that the mortgage obligation existed only as it was incidental to the contract entered into between defendants as vendors and plaintiff and her husband as vendees; and that forfeiture of the contract by the vendors nullified the mortgage obligation the same as it nullified the contract obligation.

"The purpose and effect of a valid declaration of forfeiture are to end the contract and discharge vendor of the duty to convey and vendee of duty to pay." *Chicago Boulevard Land Co.* v. *Apartment Garages,* 245 Mich. 448.

See, also, *Dedmon* v. *Sarkesion,* 252 Mich. 613; *Balesh* v. *Alcott,* 257 Mich. 352; *Windmill Point Land Co.* v. *Strickland,* 264 Mich. 79.

The decree entered in the circuit court will be set aside and a decree entered in this court granting plaintiff the relief prayed. Costs of both courts to appellant.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. BUSHNELL, J., did not sit.