WEIDER *v.* ROGMAN.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ORDER NUNC PRO TUNC.

No question having been raised as to validity of order, entered *nunc pro tunc*, extending period of redemption from forfeiture of land contract, such period is considered as having continued uninterruptedly (Act No. 122, Pub. Acts 1933).

2. VENDOR AND PURCHASER—RESCISSION—REMOVAL OF BUILDINGS.

Vendees under land contract *held*, not entitled to rescission thereof because of defendant vendors' assignees' removal of dilapidated frame house on the premises under order of municipal authorities either to remove it or place it in a safe condition where such removal occurred while plaintiffs' rights under contract were suspended by notice of forfeiture and rendition of judgment of restitution to defendant by circuit court commissioner.

3. EQUITY—RESCISSION—MONEY DECREE—ADEQUATE REMEDY AT LAW.

Upon denial of rescission of land contract at suit of vendees thereunder whose bill also sought general equitable relief, where rescission is denied and only other relief to which plaintiffs would be entitled is a money decree, they are remitted to their remedy at law therefor.

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 19, 1938. (Docket No. 97, Calendar No. 40,019.) Decided October 3, 1938.

Bill by Ben Weider and wife against Bernard T. Rogman and wife for rescission of a land contract and other relief. Bill dismissed. Plaintiffs appeal. Affirmed.

*Leemon, Starr & Fealk* (*Isadore Starr,* of counsel), for plaintiffs.

*Peck & Kramer,* for defendants.

Bushnell, J. Plaintiffs are the vendees under a land contract for the purchase of certain real property, located on Leland street, between St. Antoine and Hastings streets, in the city of Detroit. Defendants are the purchasers of the vendors' interest in the contract.

The contract was entered into in 1922, the consideration being $6,000, of which $1,000 was paid at that time, and the balance was to be paid at the rate of $50 a month on principal and interest. These payments were made until November, 1932, when plaintiffs defaulted and defendants thereafter obtained a judgment for possession of the premises in proceedings had before a circuit court commissioner. Shortly before the expiration of the 90 days from the judgment, when a writ of restitution might have issued (see 3 Comp. Laws 1929, § 14988, as amended by Act No. 122, Pub. Acts 1933, [Comp. Laws Supp. 1935, § 14988, Stat. Ann. § 27.1999]), plaintiffs filed a bill of complaint seeking relief under the provisions of the so-called land contract moratorium act, (see Act No. 122, Pub. Acts 1933 [Comp. Laws Supp. 1933, § 14988 *et seq.*]). An order was entered on August 28, 1934, by the chancery court, upon consent of counsel, giving possession of the premises to defendants herein and authorizing them to "collect the rents and proceeds therefrom of any part of the same that may be occupied." The court ordered the proceeds to be applied "first upon insurance, taxes, and interest due upon said land contract, and then upon the principal due thereon." Plaintiffs were

given the right to redeem from the forfeiture of the contract "at any time on or before March 1, 1935, upon paying the full amount due thereon," less any credits arising out of net rental collections.

On September 27, 1935, the period of redemption was extended by an order of the circuit court *nunc pro tunc* as of February 28, 1935. No question is raised as to the validity of this order and we must, therefore, consider that the period of redemption has continued uninterruptedly from February 28, 1935.

The building upon the property was old and in a dilapidated condition. On April 9, 1935, defendants were ordered by the department of buildings and safety engineering of the city of Detroit to "dismantle and remove the 2-story frame dwelling or place in a safe condition and securely barricade all openings."

Defendant Bernard T. Rogman did not inform either the court or plaintiffs of this order of the department. In May of 1935 he sold the building to a wrecking company for $45. The building was thereupon removed without plaintiffs' knowledge and, after being informed of this fact, they instituted the present suit, praying for a rescission of the land contract and for "such other, further and different relief in the premises as shall be suitable to equity and good conscience."

Plaintiffs are not entitled to a rescission of the contract since, at the time the building was removed, their rights under the contract were suspended by the notice of forfeiture and the adjudication of the circuit court commissioner, and thereafter Rogman's act could not constitute a breach of the contract upon which plaintiffs might base rescission. See *Stevens* v. *Most*, 251 Mich. 23, *Rosenthal* v. *American*

*Construction & Realty Co.,* 262 Mich. 91, and *Mortgage & Contract Co.* v. *Sage,* 266 Mich. 165.

Any other relief which a court of equity might grant in this matter would amount to no more than a money judgment and for this plaintiff has an adequate remedy at law.

The decree of the circuit court is affirmed, with costs to appellees.

Wiest, C. J., and Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred. Butzel, J., took no part in this decision.