*In re* MAHON'S ESTATE.

CLAIM OF HICKEY.

1. ESTATES OF DECEDENTS—FUNERAL EXPENSES—CONTRACTS.
   In undertaker's proceeding against estate of a man over 21 years of age at time of death, testimony that deceased's father had told undertaker to go ahead and duplicate boy's mother's funeral *held,* insufficient to establish that father had made promise to pay for son's funeral.

2. APPEAL AND ERROR—QUESTIONS OF FACT—EVIDENCE.
   Supreme Court does not substitute its judgment on questions of fact for that of the trier of the facts unless facts clearly preponderate in the opposite direction.

3. Election of Remedies.
   One who makes settled and deliberate choice of one of two inconsistent remedies may not thereafter go back and elect again.

4. Same—Election Involves Knowledge of Facts.
   To make election of remedy, one must, by actually bringing his action or by some other decisive act, with knowledge of facts, indicate his choice between inconsistent remedies.

5. Same—Dismissal of Action Before Judgment—Estoppel in Pais.
   The mere bringing of an action which has been dismissed before judgment and in which no element of estoppel *in pais* has arisen is not an election of remedies.

6. Same—Court May Compel Election.
   A plaintiff who institutes separate actions for the same claim cannot carry both to judgment and satisfaction but may be compelled by the court, at any stage of the proceedings, to elect which he will further prosecute.

7. Same—Claim Against Estate for Funeral Expenses—Action Against Parent.
   Institution of action at law against father of deceased for funeral expenses and withdrawal of the same before determination of the same claim in the probate court against the estate of the deceased *held*, not such a proceeding as calls into action the doctrine of election of remedies.

Appeal from Wayne; Ferguson (Homer), J. Submitted June 6, 1939. (Docket No. 24, Calendar No. 40,524.) Decided September 5, 1939.

In the matter of the estate of James K. Mahon, deceased. James Hickey presented his claim for funeral services. Claim denied. Plaintiff appealed to circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*Ernest C. Stieler* and *Harry M. Stone,* for plaintiff.

*Lightner, Crawford, Sweeny, Dodd & Mayer* (*George D. Haller,* of counsel), for defendant.

Sharpe, J.     Plaintiff is an undertaker in the city of Detroit. In March, 1937, he conducted the funeral of Mrs. Raymond E. Mahon and received $125 as payment on account from Mrs. Mahon's husband. On July 18, 1937, James K. Mahon and his 18-year old sister were drowned in an accident near Mt. Clemens. Upon learning of this accident, Raymond E. Mahon, the father of James K. Mahon, called up plaintiff and requested that he perform the funeral arrangements and duplicate the burial of the boy's mother. It appears that James K. Mahon and his sister had life insurance policies in the Metropolitan Life Insurance Company, and on July 30, 1937, plaintiff caused to be issued a writ of garnishment directed to the insurance company ordering it to refrain from paying to the father any insurance payable upon the lives of either the son or daughter. On August 28, 1937, plaintiff began suit in the circuit court of Wayne county against Raymond E. Mahon alleging that the defendant in that suit was indebted to him in the sum of $1,442.82 for the balance due on the funeral of defendant's wife and the funerals of defendant's son and daughter.

On August 31, 1937, a petition for administration of the son's estate was filed. An administrator was appointed and qualified. Plaintiff filed a claim against the estate for services in connection with the funeral. A commissioner on claims was appointed, and after a hearing, denied plaintiff's claim as of April 21, 1938. It further appears that before the claim was denied, plaintiff withdrew his action at law insofar as that action was based upon the son's funeral. Plaintiff appealed to the circuit court, and upon trial was granted a judgment in the sum of $522.25.

The estate now appeals and claims that there was an express contract upon the part of the father to

pay for the son's funeral; that the conduct of plaintiff in starting a law action against Raymond E. Mahon for the balance unpaid by Raymond E. Mahon on his wife's funeral and for the funeral of the two children operates as a bar to any subsequent claim against the estate of James K. Mahon for the same services; and that plaintiff had made an election of remedies in bringing a law action against Raymond E. Mahon for the balance owing on the three funerals.

The trial court found as a fact that there was no express contract entered into between plaintiff and Raymond E. Mahon wherein Raymond E. Mahon agreed to pay the funeral expense of the boy.

When the cause came on for trial, plaintiff testified as follows:

"I was directed to conduct these funerals by the father of the children, Raymond E. Mahon." * * *

"When he asked me to conduct the funerals 'he told me to go ahead and duplicate the wife's funeral.' * * *

"*Q.* Who did promise to pay for those children's funerals?

"*A.* Mr. Mahon told me to go ahead and duplicate his wife's funeral.

"He didn't say anything about paying for them, but I understood they would be paid for. I understood that he would pay for them. * * *

"We started a garnishee, because he got the money for the wife's burial, and didn't pay for it, and I wasn't going to give him the chance on a second one."

In the consideration of this case we have in mind that James K. Mahon was past 21 years of age at the time of his death, and that nowhere in the record do we find that the boy's father told plaintiff that he (the father) would pay the funeral expense. The

nearest approach to an express promise to pay is found in the testimony of plaintiff where the father told plaintiff to ''go ahead and duplicate the wife's funeral.'' Such a statement is open to different constructions. It could be given the meaning that defendant claims or it might mean that the boy was to have the same kind of a funeral as his mother insofar as a casket was concerned, without any intention on the part of the father to obligate himself for the expenses of the same. The trial court in effect gave the latter construction to the conversation. This he had a right to do. See *O'Connor* v. *March Automatic Irrigation Co.,* 242 Mich. 204 (37 N. C. C. A. 111). Under the rule enunciated in *Leonard* v. *Hey,* 269 Mich. 491, we are unable to say that the finding of the trial court is against the clear preponderance of the evidence.

The general rule as to the election of remedies is found in *H. G. Vogel Co.* v. *Original Cabinet Corp.,* 252 Mich. 129, where we said:

''One who makes a settled and deliberate choice of one of two inconsistent remedies cannot thereafter go back and elect again. *Thompson* v. *Howard,* 31 Mich. 309. But to make an election, one 'must, by actually bringing his action or by some other decisive act, with knowledge of the facts, indicate his choice between these inconsistent remedies.' 20 C. J. p. 20.''

See, also, *James S. Holden Co.* v. *Applebaum,* 263 Mich. 507, 511.

Defendant relies upon *Briggs* v. *Township of Ronald,* 208 Mich. 603. This case well illustrates how an election may be made. In this case, plaintiff filed a claim against decedent's estate and the claim was allowed in the sum of $248. Subsequently, plaintiff sued the township for a claimed balance for

taking care of the supposedly indigent person. We there held that plaintiff had made an election of remedies and had her day in court when a part of her claim was allowed in probate court. In the case at bar, the only action pursued to a finality was the claim filed in the probate court. In fact, no other claim or action was pending when the commissioner on claims rendered his decision.

In *Humiston, Keeling & Co.* v. *Bridgman,* 195 Mich. 82, we held that the mere bringing of an action which has been dismissed before judgment and in which no element of estoppel *in pais* has arisen is not an election of remedies.

" 'If the plaintiff institutes separate actions, he cannot carry both to judgment and satisfaction. He may be compelled, by order of the court, at any stage of the proceedings, to elect which he will further prosecute.' " *Willard* v. *Shekell,* 236 Mich. 197, 206.

In *Larzelere* v. *Starkweather,* 38 Mich. 96, we held that the filing of a claim secured by a mortgage with the commissioner on claims of an estate was not such a proceeding at law as barred a subsequent foreclosure.

In our opinion the instituting of the action at law against the father and the withdrawal of the same before a determination of the same claim in the probate court against the son's estate was not such a proceeding as calls into action the doctrine of election of remedies.

The judgment of the trial court is affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.