TAYLOR v. PARKVIEW MEMORIAL ASSOCIATION.

1. APPEAL AND ERROR—FINDINGS OF COURT—AUTHORITY OF EXECUTOR AND HIS AGENT—FORFEITURE OF LAND CONTRACT.

Pleadings and testimony in suit to foreclose land contract *held*, to support conclusion that the extent of authority of executor's attorney who had previously signed a notice of forfeiture of the land contract was unknown to defendant vendee, that limitations upon such authority were not made in vendee's presence, and that the executor had authority to forfeit or foreclose the contract.

2. VENDOR AND PURCHASER—FORFEITURE OF LAND CONTRACT—ELECTION OF REMEDIES.

Upon forfeiture of a land contract by service of a valid notice thereof by one with authority so to do, the rights and liabilities based upon the contract are terminated and such action constitutes an election of remedies precluding right to a deficiency decree.

3. EVIDENCE—HEARSAY—SELF-SERVING STATEMENT—AUTHORITY OF ATTORNEY FOR EXECUTOR.

Testimony of attorney for executor of vendor under land contract as to alleged limitations upon his authority which limitations were not made in the presence of the vendee were hearsay, self-serving and not binding upon the vendee.

4. VENDOR AND PURCHASER—FORFEITURE OF LAND CONTRACT—EFFECT.

Upon service on defaulting vendees of a notice to quit under a land contract the vendor elects to treat the contract as void, he must be understood as also relinquishing his right to amount then due upon the contract for principal and interest payments.

REID and DETHMERS, JJ., dissenting.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 11, 1946. (Docket No. 58, Calendar No. 43,375.) Decided April 8, 1947.

Bill by Henry C. Taylor against Parkview Memorial Association, a Michigan corporation, to foreclose a land contract. Decree for defendant. Plaintiff appeals. Affirmed.

*Anhut, McDowell, Montgomery & Patterson* (*Karl G. Eisele,* of counsel), for plaintiff.

*Reid & Young* (*Leslie P. Young,* of counsel), for defendant.

REID, J. (*dissenting*). Plaintiff executor appeals from an order of the circuit court dismissing the bill of complaint. Plaintiff's decedent at the time of her death was the surviving vendor in a land contract and was vested with the title to lands covered by the land contract as survivor tenant by the entireties. Defendant Parkview Memorial Association is vendee in that contract, which was dated May 24, 1933, and owns lands adjacent to those covered by the contract. No payments of instalments have been made since July, 1936, and at the date of filing of the bill, February 11, 1942, plaintiff claims an unpaid balance of principal and interest in the sum of $39,853. John N. Anhut, attorney for the plaintiff executor, on January 12, 1942, wrote a letter to Mr. Heelon, president of defendant corporation, threatening legal proceedings unless something were done within the next week or ten days. On February 4, 1942, Mr. Anhut wrote Mr. Heelon another letter reciting the existence of the contract and the description of land conveyed, claiming the amount due to be $27,133.38, and demanding payment of that amount on or before February 9, 1942. The

letter, marked exhibit 3, also contained the following paragraph:

"You are therefore notified that the undersigned as executor of said estate of the said Ida Condo, deceased, has elected to foreclose your rights under said contract; that unless you make payment of the amount now due and in default under the provisions of said contract, as per the following statement, it is my intention to file a bill in equity praying that your rights under said contract be foreclosed; that the court enter a money judgment for any deficiency that may be found due."

Mr. Anhut, referring to the land in question, testified as follows:

"I have been there several times     *     *     *     and have looked the cemetery over. We have been negotiating on this since 1937, back and forth, with the board of directors, and so I have been there."

Mr. Anhut further testified,

"Exhibit 4 is a forfeiture notice of the land contract, dated—apparently not dated, but that is my signature on it."

Exhibit 4 was received in evidence without objection. It is addressed to the defendant and is as follows:

"You, Parkview Memorial Association, a Michigan corporation, are hereby notified that a certain land contract bearing date of 24th day of May, 1933, by and between Albert Condo and Ida Condo, his wife, of the first part, and Parkview Memorial Association, a Michigan corporation of the second part, is in default by reason of the nonpayment of the instalments of principal and interest due thereunder, and you, Parkview Memorial Association, a Michigan corporation, are hereby further notified that the undersigned, as executor of the estate of Ida Condo,

deceased, elects to declare and does hereby declare said contract forfeited, and you, Parkview Memorial Association, a Michigan corporation, are hereby notified to yield, surrender and deliver up possession of said premises in said land contract mentioned, and of which you are now in possession under and by virtue of the terms thereof. Said premises are described in said land contract as follows, to-wit:

"All that territory, piece or parcel of land being situated in the township of Livonia, Wayne county, Michigan, and more particularly known and described as south one-half of the northwest one-quarter of the southwest one-quarter of section 21, and the northeast quarter of the southwest quarter of section 21, all in town 1 south, range 9 east, excepting the easterly 20 acres of the premises last described, but not excepting a strip of land 100 feet wide off of the south end of said easterly 20 acres.

"Signatures:

"Harry C. Taylor, executor of the estate of Ida Condo, deceased, by John N. Anhut, his attorney."

The envelope in which exhibit 4 was enclosed is stamped by the postoffice registered division, February 10, 1942.

Mr. Anhut further testified,

"I admit it, it is my signature on exhibit 4. I don't know how I signed it, but it was put on my desk. I never authorized its being sent to the defendant corporation."

In *Balesh* v. *Alcott*, 257 Mich. 352, after referring to the provisions of Act No. 314, chap. 30, Pub. Acts 1915 (3 Comp. Laws 1929, § 14975 [Stat. Ann. § 27.1986]), we said, p. 354:

"Upon default made by vendees in the terms of the land contract, three actions were open to the vendor: A suit in equity to foreclose the contract, an action of ejectment, proceedings under the

statute last above cited. *Lambton Loan & Invest-
ment Co.* v. *Adams,* 132 Mich. 350. Notice to quit
and notice of forfeiture may be waived. *Welling* v.
*Strickland,* 161 Mich. 235. Plaintiff had an election
of remedies at the time the default occurred on the
part of the assignee of the vendees. She could
declare the contract forfeited and begin summary
proceedings under the statute above mentioned, or
she could file a bill for the foreclosure of the con-
tract. The one would proceed upon the theory the
contract was at an end; the other upon the theory
the contract was in force. She could not do both.
She could not elect to declare the contract forfeited,
and declare the same to be in force. She could not
in one proceeding take the position it was void, and
in another proceeding it was valid.''

Further, on pp. 355, 356 of that same opinion, we
quoted from *Chicago Boulevard Land Co.* v. *Apart-
ment Garages,* 245 Mich. 448, 451, as follows:

''It would be a novel and unjustifiable extension
of the doctrine of waiver to permit a vendor to for-
feit a land contract, discharge the obligations of
both himself and the vendee, and, at a future time
when the exigencies might work in his favor thereby,
reinstate the contract and its liabilities by his own
act, without the consent or acquiescence of the
vendee.''

''An election once made between coexisting reme-
dial rights which are inconsistent is * * * final
and irrevocable,'' 28 C. J. S. p. 1101, citing *Attorney
General, ex rel. Secretary of State,* v. *State Savings
& Loan Co.,* 290 Mich. 226; *In re Mahon's Estate,*
290 Mich. 193; *H. G. Vogel Co.* v. *Original Cabinet
Corp.,* 252 Mich. 129.

It is clear that in the instant case the bill of com-
plaint seeks a remedy inconsistent with the notice of
forfeiture. Plaintiff executor claims that, because

of the trust capacity of the plaintiff, the notice of forfeiture ought not to be considered binding upon him.

We assume from this entire record that the defendant corporation was solvent and that the right to obtain a money judgment against the defendant was a valuable right. There is not shown to be any emergency that required immediate or speedy possession of the vacant lands covered by the land contract in question. The executor acts in a fiduciary capacity. He has no right to throw away the assets of the estate. We quote from the syllabus of the following Michigan cases:

"An administrator stands in the relation of a trustee to all those interested in the estate." *Pierce v. Holzer,* 65 Mich. 263, 264.

"The executor of a will stands in a fiduciary relation to all legatees, not only to legatees named in the will but to residuary legatees who may not be named therein." *In re DeBancourt's Estate,* 279 Mich. 518 (110 A. L. R. 1346).

In *Bowdish* v. *Page,* 153 N. Y. 104 (47 N. E. 44) the action was brought by the plaintiff as assignee for the benefit of creditors of an insolvent business. Isaac Allison, being indebted to the insolvents, gave the insolvents a chattel mortgage upon his goods. On the demand of plaintiff, Allison turned over possession of the property covered to plaintiff. The defendants by virtue of an execution issued upon a judgment in their favor against Allison dispossessed plaintiff. The court said, p. 110:

"We therefore hold that, within our decisions, the plaintiff occupied the vantage ground of a right to the possession of these goods, derived directly through Isaac's delivery to him, and any question of a title made defective through the void chattel mortgage was removed.

"Nor did the subsequent entering of a judgment in favor of the plaintiff, as against Isaac Allison, in December, 1884, and the execution and sale thereupon, constitute any legal barrier to the plaintiff's claim. At most, it would seem to have been a foreclosure of Isaac's possible equity in the property, and the sale was actually only of his interest therein. It was not a case of an election of a remedy, which was so far inconsistent with the plaintiff's claim to a title derived through Isaac's delivery to him as to bind him, and to destroy his earlier right. The plaintiff, as an assignee for the benefit of creditors, was not in a position to exercise such an election. In his capacity as a trustee for others, he could not forfeit their rights in the prosecution of some further remedy, as to the existence of which he had been advised. *It would not do to hold the broad doctrine that one occupying the position of a trustee could impair or destroy the vested beneficial interests of his cestuis que trustent, upon the theory that, in his efforts in behalf of the trust estate, he had made an election of an inconsistent remedy.*" (Italics supplied.)

While the remedies in that case were not found clearly inconsistent, yet the court evidently relied on the principle contained in the words italicized as necessary to its decision.

We further note that 20 C. J. p. 40, footnote 68, cites *Doubet* v. *Doubet,* 196 Ill. App. 289, where minor heirs were held not bound by a forced election by an administrator.

In the instant case the notice of forfeiture clearly would destroy, for no consideration, the right of the executor to hold the defendant to the payment of the deficiency after foreclosure. The executor was without justification for serving such a notice. The defendant realized at once that the notice of forfeiture would give defendant an unjust liberation

from debt. The acreage could be taken back by plantiff but the defendant would need to pay nothing.

In general the authority of an attorney to make and serve a notice of forfeiture could be presumed and relied on; but in this case involving an estate and the authority of its attorney, defendant knew the character and duties of the executor with whom it dealt and was no stranger to the status of plaintiff executor and of his attorney. The notice of forfeiture was at once plainly recognized by all the parties as highly detrimental to the interests of the estate. It is undisputed that Mr. Anhut never authorized the delivery of the notice of forfeiture.

Plaintiff very promptly informed defendant that the notice of forfeiture was not to be considered as the act of plaintiff. Defendant had done nothing of consequence in reliance on the notice, except to put some posts of unknown value along the line of the property in question.

The notice of forfeiture should be treated as a nullity. The decree dismissing the bill should be reversed. The cause should be remanded to the circuit court in chancery for such further proceedings as shall be found necessary. Costs should go to plaintiff.

DETHMERS, J., concurred in this result.

BUSHNELL, J. I cannot concur in my Brother REID's proposal that we base decision in this case on the proposition stated in *Bowdish* v. *Page,* 153 N. Y. 104 (47 N. E. 44), that one occupying a position of trust should not be permitted to—"impair or destroy the vested beneficial interests of his *cestuis que trustent,* upon the theory that, in his efforts in behalf of the trust estate, he had made an election of an inconsistent remedy."

Furthermore, that case is distinguishable on its facts.

Consideration of the pleadings and the testimony in the matter before us requires concurrence with the trial judge's statement:

"Testimony was offered by the attorney for the plaintiff as to the extent of his authority and of specific restrictions upon that authority. The alleged limitations upon his authority were not known to the defendant and were not made in its presence. This testimony was excluded upon the objections of the attorney for the defendant that it was hearsay, self-serving and an attempt on the part of the agent to prove by his own declarations the extent of his agency. A separate record of this testimony, however, was made on the request of the attorney for the plaintiff.

"It is my opinion that the executor had the power to forfeit said contract as well as to foreclose it, and that the agent and attorney for the plaintiff, Mr. Anhut, had sufficient authority to give a valid notice of forfeiture of the contract and that having done so all rights and liabilities based upon said contract were immediately terminated and that the plaintiff at that time made his election of remedies and cannot thereafter change his position whether based upon error or otherwise and claim the right of a deficiency decree.

"It is further my opinion that the testimony offered as to the limitation on the authority of the attorney for the plaintiff was not proper and not binding on the defendant. No testimony whatsoever was offered by the plaintiff himself at the hearing of the case."

The controlling authorities are those from which Mr. Justice Reid has quoted, *viz., Chicago Boulevard Land Co.* v. *Apartment Garages,* 245 Mich. 448, and *Balesh* v. *Alcott,* 257 Mich. 352. See, also, *Stevens*

v. *Most,* 251 Mich. 23; *Dedmon* v. *Sarkesion,* 252 Mich. 613; *Picard* v. *Shapero,* 255 Mich. 699; *Trombley* v. *Koestlin,* 266 Mich. 357; *Malone* v. *Kugel,* 281 Mich. 351; *Weider* v. *Rogman,* 285 Mich. 539.

The basic rule was early expressed in *Goodspeed* v. *Dean,* 12 Mich. 352, where the Court said:

Plaintiff elected to treat the contract as void, and gave defendant a notice to quit. By this election we think he must be understood as having also relinquished his right to the amount then due upon the contract. He could not treat it as void in respect to the rights which it secured to the defendant, and valid in respect to those which it secured to himself. Having declared it void as to the land, it was void also as to the payments which it had bound the defendant to make for the land. There was nothing therefore upon which plaintiff could base a right of action for either the principal or the interest which had become due upon it.''

The decree dismissing plaintiff's bill of complaint is affirmed, with costs to appellee.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, and NORTH, JJ., concurred with BUSHNELL, J.